### WATSON S. FRENCH v. T. RAYMOND.

Appointed Special Term at Brattleboro, February 16, 1909.

Present: ROWELL, C. J., MUNSON, WATSON, and HASELTON, JJ.

Opinion filed March 19, 1909.

*Equity—Judgment—Vacating—Fraud—Jurisdiction.*

The only fraudulent acts for which a court of equity will set aside a judgment or decree rendered by a court of competent jurisdiction, are those involving fraud extrinsic or collateral to the matter on which the judgment or decree was rendered; hence it will not set aside a judgment because founded on a fraudulent instrument or perjured testimony, or for any other matter that was actually presented and considered in the judgment assailed.

Where a matter has been duly determined by arbitrators, both parties having been fully heard, a court of equity will not set aside the award and reopen the controversy because of perjury, which deceived the arbitrators into awarding for the defendant and against the orator.

APPEAL IN CHANCERY. Heard on demurrer to the bill for want of equity at the September Term, 1908, Windham County, *Powers,* Chancellor. Demurrer overruled; bill adjudged sufficient and taken as confessed; and decree for the orator. The defendant appealed.

*Chase & Daley* and *Gibson & Waterman* for the orator.

Fraud vitiates everything. The bill alleges that the orator failed to obtain justice because of defendant's fraud. That gives equity jurisdiction to grant the relief demanded. *Burton* v. *Wiley,* 26 Vt. 430; *Emerson* v. *Udall,* 13 Vt. 477; *Pettes* v. *Bank of Whitehall,* 17 Vt. 435; *Carrington* v. *Holabird,* 17 Conn. 530; *Wingate* v. *Haygood,* 40 N. H. 437; *Hibbard* v. *Eastman,* 47 N. H. 507; *Fletcher* v. *Warren,* 18 Vt. 45; 2 Story Eq. Jur. §§878, 879, 880, 881, 887.

*Herbert G. Barber* and *Frank E. Barber* for the defendant.

There is no equity in the bill. It relies on intrinsic fraud, which is never ground for vacating the judgment or decree of a competent tribunal. *Camp* v. *Ward*, 69 Vt. 286; *Fletcher* v. *Warren*, 18 Vt. 45; 6 Pom. Eq. Jur. 656; *Emerson* v. *Udall*, 13 Vt. 477; *Lord* v. *Burleigh*, 60 N. H. 278; *Green* v. *Green*, 2 Gray 361-366; *U. S.* v. *Throckmorton*, 98 U. S. 61.

ROWELL, C. J.   This is a bill in chancery to set aside an award between the parties, for that the defendant purposely and designedly testified falsely before the arbitrators concerning divers matters and things in issue and on trial before them, whereby and by means whereof the arbitrators were cheated and deceived into awarding for the defendant and against the orator. This is the sum and substance of the bill, which is demurred to for want of equity, and the objection is well taken.

The orator says that fraud vitiates everything. But this maxim applies only when proof of fraud is admissible, and here proof of the fraud alleged is not admissible, for it is intrinsic and not extrinsic, direct and not collateral. Thus, in *Camp* v. *Ward*, 69 Vt. 286, 37 Atl. 747, 60 Am. St. Rep. 929, we held that the acts for which courts of equity will, for fraud, set aside or annul a judgment or a decree between the same parties rendered by a court of competent jurisdiction, have relation to fraud extrinsic or collateral to the matter on which the judgment or decree was rendered. In support of this holding we referred to some of our own cases, and to *United States* v. *Throckmorton*, 98 U. S. 61, 25 L. Ed. 93, where it is said that when by reason of something done by the successful party there was in fact no adversary trial nor decision of the issue in the case, equity will grant relief; but that it is well settled that the court will not set aside a judgment because it is founded on a fraudulent instrument or perjured testimony, nor for any other matter that was actually presented and considered in the judgment assailed. The judgment there sought to be set aside was based upon a land grant that the successful party had himself falsely and fraudulently antedated, and thereby imposed upon the court the belief that it was made when the signer thereof had power to make it.

It makes no difference whether the perjury is suborned by the successful party or not, unless you call the subornation the fraud and not the introduction of the perjured testimony, nor whether the successful party himself commits it, in which case it is clearly

intrinsic and direct; for when a matter has been actually tried and determined by a tribunal of competent jurisdiction, both parties having been fully heard, as here, a court of equity will not, according to most of the cases, reopen the controversy because of perjury, and throw the whole matter at large again, for that would be sowing dragons' teeth, and disregarding the maxims that it is for the public good that litigation should end, and that a man shall not be twice vexed for the same thing, which maxims are the very foundation of the law of this subject.

*Decree reversed, demurrer sustained, bill adjudged insufficient, and cause remanded.*