KARPPINEN et al. v. KARL KIEFER
MACHINE CO.

No. 101, Docket 21779.

United States Court of Appeals
Second Circuit.

Argued Dec. 13, 1950.

Decided Feb. 13, 1951.

Products Company, moved in the district court to confirm an arbitration award which entitled them to return a machine purchased from The Karl Kiefer Machine Co. and to receive a refund of the purchase price. The award was confirmed and The Karl Kiefer Machine Co. appeals.

The underlying controversy between seller and purchaser of the machine is recited in the arbitration submission agreement and may be summarized as follows: On or about October 5, 1945, appellant sold to appellees a machine for filling jams, jellies, preserves and marmalade into containers. The purchase price, $7950, was paid on October 30, 1947, and the machine was delivered during February, 1948. Subsequently the purchaser claimed to be entitled to rescind because the machine was not fit for the purpose for which it was sold. The seller denied this, and asserted that in any event its guarantee was only good for thirty days after delivery and also that any inadequacy of the machine to serve its purpose was the purchasers' own fault. On November 9, 1949, the controversy was submitted to three arbitrators: an engineer, a business-man, and a lawyer. It was agreed that the arbitrators would inspect the machine at the buyers' premises while it was in operation in a normal commercial manner, and that the parties would abide by any award rendered pursuant to the agreement.

Upon the purchasers' motion to confirm the award granting rescission, the seller filed affidavits asking that the award be vacated. Several grounds were relied on, but the only one before us is based on an allegation that the award was induced by perjured testimony. An affidavit by the president of The Karl Kiefer Machine Co. stated that his company had contended during the arbitration proceedings that the complaints against its machine had been made in bad faith and that the buyers were seeking to rescind because they wished to buy a cheaper machine of a lower productive capacity. The affidavit further asserted that Eino C. Karppinen had rebutted this contention by falsely testifying before the arbitrators that his company had purchased at a higher price—$8,150—another machine with even greater capacity. In this con-

———◆———

Moses & Singer and Jerome Goldman, all of New York City, attorneys and counsel for respondent-appellant.

Robert M. Rubenstein, New York City, attorney and counsel for petitioners-appellees; Harvey W. Sherman, Brooklyn, N. Y., on the brief.

Before AUGUSTUS N. HAND, CLARK and FRANK, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

Eino C. Karppinen and John W. Saxman, copartners doing business as Mrs. Dixon's

nection it was asserted that Karppinen had produced a false copy of his purchase order for the new machine, and had thereby convinced the arbitrators of his good faith and also gained their sympathy by making them believe that unless rescission were granted the purchasers would be left with two expensive machines instead of one. An accompanying affidavit by a former employee of the Hope Machine Company, which sold the second machine to Mrs. Dixon's Products Company, stated that the total price of that machine was under $7,000. This assertion was also supported by the affidavit of a person having dealings with the Hope Machine Company.

Reply affidavits were filed, in support of the motion to confirm the award, by Eino C. Karppinen, by his attorney, who was present at the arbitration proceedings, by the president of the Hope Machine Company, and by various employees of that company. These affidavits allege that Karppinen's testimony at the arbitration proceeding had no bearing on the award, that Karppinen did not testify to the price figure alleged but merely stated his belief that the Hope machine would probably cost more than the old one, and that the purchase price of the Hope machine was (apparently depending on the number of accessories) $7,620.25, $8,718, or $8,944.25.

The motion to confirm the award was heard on February 28, 1950, continued on March 1, 1950, and then adjourned to March 15, 1950. Before the last date, The Karl Kiefer Machine Co. moved for an oral examination of Karppinen, and of the president of the Hope Machine Company, and also moved for the production of all papers dealing with the sale of that machine. This motion was granted only to the extent of permitting the examination of Karppinen, during which several documents were introduced in evidence by both sides. After that examination, the arbitrators' award was confirmed, and the portion of the cross-motion demanding other oral examination and the production of papers was denied. A motion for a rehearing was also denied. The appeal is from the denial of those motions, from the decision of the court to limit the scope of Karppinen's examination, and from the entry of the judgment on the award.

The only claim that the award should be set aside is based on the appellant's contention that the buyers made false statements about the cost of the machine to be purchased from the Hope Machine Company. It is said that the buyers testified before the arbitrators that the Hope machine cost $8,150, which was $200 more than the Kiefer machine had cost, and that the alleged false statement was made to rebut any inference that the buyers were claiming rescission because the price paid for the Kiefer machine had been too high, rather than because it did not work well enough to serve its purpose.

It goes without saying that there should be great hesitation in upsetting an arbitration award. The award here must stand unless it is made abundantly clear that it was obtained through "corruption, fraud, or undue means." [1]

We will assume, as did the court below, that an arbitration award may be set aside in a case of material perjured evidence furnished the arbitrators by a prevailing party, but we do not decide the somewhat disputed question whether the word "fraud" in Section 10(a) of the Arbitration Act has a broader scope than that word has when applied so as to permit a

[1] "If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title. * * *" 9 U.S.C.A. § 9.

"In either of the following cases the United States court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration—

"(a) Where the award was procured by corruption, fraud, or undue means. * * *" 9 U.S.C.A. § 10.

collateral attack on a judgment rendered upon perjured testimony. As to the rule in equity, compare French v. Raymond, 82 Vt. 156, 72 A. 324, with Fire Ass'n of Philadelphia v. Allesina, 49 Or. 316, 89 P. 960; as to the rule under the comparable New York Statute, see Jacobowitz v. Herson, 268 N.Y. 130, 136, 197 N.E. 169, 99 A.L.R. 1198; Matter of Rosenberg, Sup., 41 N.Y. S.2d 14; In re E. A. Laboratories, Inc., Sup., 50 N.Y.S.2d 222, 224; Bolton v. General Accident Fire & Life Assur. Corp., Sup., 51 N.Y.S.2d 407. We note only in passing that if perjury is "fraud" within the meaning of the statute, then, since it necessarily raises issues of credibility which have already been before the arbitrators once, the party relying on it must first show that he could not have discovered it during the arbitration, else he should have invoked it as a defense at that time. Compare Johnson v. Wells, 72 Fla. 290, 73 So. 188. An allegation of inability to discover the alleged perjury was present in one of appellant's affidavits.

But even on the assumption that an award may be vacated for perjury as to material evidence the judgment below must be affirmed. Not only were the affidavits submitted to the district court in the proceeding to vacate the award most contradictory, but the bearing of the price of the Hope machine on the issues before the arbitrators is extremely remote. Under the terms of the submission agreement these arbitrators were to determine the fitness of the machine to do its work, were to find who was at fault if it proved unfit, and were to decide whether the thirty day limit in the guarantee had been waived. One of the arbitrators was an engineer, and all of them saw the machine in operation and evidently found that it was inadequate. The price paid by the purchasers for some other machine had no bearing on the real issues before the arbitrators and cannot reasonably be thought to have affected their decision in determining any relevant questions before them. At most it could only bear on a possible impeachment of Karppinen as to collateral matters, and he was subjected at the hearing below to an elaborate and in-conclusive examination by appellant regarding the price of the Hope machine.

Nor do we think that the case required full oral testimony, if indeed it required any at all, in view of the very remote bearing of the price of the Hope machine on any issue before the arbitrators. It would be a surprising innovation if every party objecting to an arbitration award could recall all the witnesses in order to vacate the award on the basis of some evidence alleged to be untruthful which had but a remote and speculative bearing on the issues before the arbitrators. It is unnecessary for us to lay down any general rule as to when or how far oral hearings on questions of alleged perjured testimony before arbitrators should be allowed. It is enough to say that even if perjury be "fraud" within the meaning of the Arbitration Act, such hearings should only be granted with reluctance, that the price of the Hope machine had no proper relation to the issues before the arbitrators and that in any event there was sufficient investigation by the court below to show that the price paid for that machine was a trivial if not wholly irrelevant matter. We hold that in such circumstances the order confirming the award was fully justified.

For the foregoing reasons, the judgment is affirmed.