Roni K. DOGHERRA, Plaintiff-Appellee,

v.

SAFEWAY STORES, INC.,
Defendant-Appellant.

Nos. 80–4178, 81–4351.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 12, 1982.

Decided June 21, 1982.

Rehearing and Rehearing En Banc
Denied Aug. 19, 1982.

Richard H. Harding, Littler, Mendelson, Fastiff, Tichy, San Francisco, Cal., argued, for Safeway Stores, Inc.; Alan B. Carlson, Littler, Mendelson, Fastiff, Tichy, San Francisco, Cal., on brief.

Charles A. Dyer, Cotchett, Hutchinson & Dyer, San Mateo, Cal., for Dogherra.

Before BROWNING, Chief Judge, SKOPIL and NORRIS, Circuit Judges.

SKOPIL, Circuit Judge:

## INTRODUCTION

Safeway terminated Dogherra for failing to return from leave as required. Dogherra insisted that she had notified her assistant manager, Martinez, prior to the end of her leave of her availability to work. Dogherra asked her union to file a grievance. The union dispatched investigators. Martinez allegedly told them that Dogherra had not reported for work before her leave ended. The union dropped Dogherra's grievance. Dogherra was awarded unemployment compensation, over Safeway's objection. The union sought to reopen Dogherra's grievance. At a hearing before an arbitrator, Safeway argued that Dogherra's grievance was barred by laches. The arbitrator agreed with Safeway and held the grievance non-arbitrable, stating that once the grievance was dropped, it could not be reviewed five months later. Martinez subsequently admitted that his statement that Dogherra had not reported for work before her leave ended was a lie.

Dogherra sued pursuant to section 301 of the Labor Management Relations Act, 29 U.S.C. § 185. The district court held that Martinez' lie "thwarted and subverted Plaintiff's efforts to arbitrate her grievance." The district court concluded that Safeway violated the collective bargaining agreement and ordered Safeway to reinstate Dogherra and compensate her for lost wages. The district court taxed Safeway with costs and attorneys' fees of $50,305. Safeway appeals.

## ISSUES

1. Did the district court clearly err in finding that Martinez was Safeway's agent when he lied to union investigators?

2. Did the district court clearly err in finding that Martinez' lie caused the union to drop Dogherra's grievance?

3. Did the district court err in holding that Martinez' lie vitiated the finality and binding effect of the arbitral decision?

4. Did the district court abuse its discretion in awarding Dogherra $50,305 in attorneys' fees and costs?

## DISCUSSION

I. Agency.

■ A finding that one person is another's agent is generally reviewed as a question of fact, governed by the clearly erroneous standard. *See Aguirre v. Automotive Teamsters*, 633 F.2d 168, 174 (9th Cir. 1980); *Laborers & Hod Carriers Local 341 v. NLRB*, 564 F.2d 834, 839 (9th Cir. 1977). The nature and extent of the agent's authority and whether apparent authority existed are also questions of fact. *Lockwood v. Wolf Corp.*, 629 F.2d 603, 609 (9th Cir. 1980); *Coast Trading Co. v. Cudahy Co.*, 592 F.2d 1074, 1078 (9th Cir. 1979).

■ Under section 301, determinations regarding agency are governed by common law principles. *Aguirre v. Automotive Teamsters*, 633 F.2d at 171; *Hasbrouck v. Sheet Metal Workers Local 232*, 586 F.2d 691, 693 (9th Cir. 1978). Actual authorization or subsequent ratification is not controlling. 29 U.S.C. § 185(e). A principal may be liable if its agent has implied or apparent authority. *Laborers & Hod Carriers Local 341 v. NLRB*, 564 F.2d at 839. Even specifically forbidden acts may be within an agent's authority. *Id.; NLRB v. ILWU Local 10*, 283 F.2d 558, 565 (9th Cir. 1960). An act is not imputed to the principal if the agent has no intention to further the principal's interests. *NLRB v. ILWU Local 10*, 283 F.2d at 565, *quoted in Hasbrouck v. Sheet Metal Workers Local 232*, 586 F.2d at 693. An act is not imputed to a principal where third parties know that the agent is not speaking for the principal. *Butler-Johnson Corp. v. NLRB*, 608 F.2d

1303, 1306 (9th Cir. 1979); *NLRB v. Sonora Sundry Sales, Inc.*, 399 F.2d 930, 935–36 (9th Cir. 1968).

■ Safeway contends that the district court made no finding that Martinez was Safeway's agent. This argument appears for the first time on appeal in Safeway's reply brief. We cannot say that the appellee has not been misled nor that the issue has been fully explored. Accordingly, we decline to consider it. *Ellingson v. Burlington Northern, Inc.*, 653 F.2d 1327, 1331–32 (9th Cir. 1981).

Safeway also argues that no record evidence would support such a finding. Safeway concedes that Martinez, as assistant manager, was empowered to reinstate employees returning from leaves of absence. Safeway argues only that Martinez was not and could not have been seen as its agent when he lied to union investigators. Safeway notes that Martinez and Dogherra were members of the same union. Safeway also argues that it did not tell Martinez to lie nor did it know what Martinez told the union investigators.

■ When the union investigators sought to ascertain whether Dogherra had reported for work, they spoke to Martinez precisely because Safeway had empowered him to reinstate employees returning from leaves of absence. We cannot say that the district court clearly erred in finding that Martinez was Safeway's agent for purposes of arranging for Dogherra's return from leave.

The agency is not necessarily vitiated even if Safeway did not tell Martinez to lie nor know what Martinez told the union investigators. As noted above, even acts specifically forbidden by the principal may be within the scope of the agent's authority. *E.g., NLRB v. ILWU Local 10*, 283 F.2d at 564–65. Martinez stated that he understood that Safeway did not want Dogherra as its employee. He felt that lying to the union investigators would help attain Safeway's goal. He intended to further Safeway's interests. His conduct is therefore chargeable to Safeway.

## II. The Decision to Drop the Grievance.

■ The reason the union dropped Dogherra's grievance is a fact question, reviewed under the clearly erroneous standard.

Safeway conceded that Martinez told a union investigator that Dogherra had not reported for work. Safeway argues that Martinez made this statement after the union had dropped Dogherra's grievance and was deciding whether to reopen it. This argument appears for the first time in Safeway's reply brief on appeal. Dogherra has not had an opportunity to meet it. We decline to consider it. *Ellingson v. Burlington Northern, Inc.*, 653 F.2d at 1332; *Duval Corp. v. Donovan*, 650 F.2d 1051, 1054 (9th Cir. 1981).

Safeway also argues that factors other than Martinez' statement led the union to drop Dogherra's grievance. There was evidence that Dogherra's failure to obtain a medical release did not cause the union to drop her grievance. The district court was justified in concluding that Martinez' statement had a greater effect on the union investigators than the fact that other store employees had no recollection of the occurrences. The district court did not clearly err in deciding Martinez' conduct was the determinative factor behind the union's decision to drop the grievance. No doubt had Martinez volunteered the truth during the initial investigation, Dogherra's claim would have been strong, and it seems highly probable that the union would have pursued the grievance.

## III. Repudiation of the Arbitral Process.

■ The parties' collective bargaining agreement specified arbitration as the preferred method of dispute resolution. As a result, we will not disturb an arbitration award "except on the grounds of fraud, deceit, or breach of the duty of fair representation or unless the grievance procedure was a 'sham, substantially inadequate or substantially unavailable.'" *Castaneda v. Dura-Vent Corp.*, 648 F.2d 612, 619 (9th Cir. 1981) (quoting *Harris v. Chemical Leaman Tank Lines*, 437 F.2d 167, 171 (5th Cir. 1971)). Fraud is also a ground for vacating

an arbitral award under the Federal Arbitration Act. 9 U.S.C. § 10(a). Neither the Supreme Court nor this court has ever held the Federal Arbitration Act applicable to arbitration of labor disputes. *See Textile Workers v. Lincoln Mills*, 353 U.S. 448, 466–67, 77 S.Ct. 912, 926, 1 L.Ed.2d 972 (1957) (Frankfurter, J., dissenting); *Local 1020, United Brotherhood of Carpenters v. FMC Corp.*, 658 F.2d 1285, 1289–90 (9th Cir. 1981); *Local 13, ILWU v. Pacific Maritime Ass'n*, 441 F.2d 1061, 1064–65 & n.5 (9th Cir. 1971), *cert. denied*, 404 U.S. 1016, 92 S.Ct. 677, 30 L.Ed.2d 664 (1972). Because fraud is a ground for vacating an arbitral award under either the Federal Arbitration Act or the federal common law fashioned from the policy of the national labor laws under the authorization of *Textile Workers v. Lincoln Mills*, 353 U.S. at 457, 77 S.Ct. at 918, we need not decide whether the Federal Arbitration Act governs labor arbitrations. *See Local 1020, United Brotherhood of Carpenters v. FMC Corp.*, 658 F.2d at 1295; *Service Employees Int'l Union, Local 36 v. Office Center Services*, 670 F.2d 404, 406–08 & n.6 (3d Cir. 1982); *General Warehousemen & Helpers Local 767 v. Standard Brands, Inc.*, 579 F.2d 1282, 1294 & n.9 (5th Cir. 1978) (en banc), *cert. dismissed*, 441 U.S. 957, 99 S.Ct. 2420, 60 L.Ed.2d 1075 (1979).

■ Obtaining an award by perjured testimony constitutes fraud. *See Newark Stereotypers' Union No. 18 v. Newark Morning Ledger Co.*, 397 F.2d 594, 598 (3d Cir.) (dictum), *cert. denied*, 393 U.S. 954, 89 S.Ct. 378, 21 L.Ed.2d 365 (1968); *Shearson Hayden Stone, Inc. v. Liang*, 653 F.2d 310, 313 (7th Cir. 1981); *Karppinen v. Karl Kiefer Machine Co.*, 187 F.2d 32, 34–35 (2d Cir. 1951) (assuming without deciding the question) (construing 9 U.S.C. § 10(a)). Accordingly, intentionally giving a false statement to union investigators causing them to drop the grievance until after it was time-barred also constitutes fraud. Congress anticipated "that the contractual machinery would operate within some minimal levels of integrity." *Hines v. Anchor Motor Freight*, 424 U.S. 554, 571, 96 S.Ct. 1048, 1060, 47 L.Ed.2d 231 (1976).

Yet in order to protect the finality of arbitration decisions, courts must be slow to vacate an arbitral award on the ground of fraud. *E.g., Newark Stereotypers' Union No. 18 v. Newark Morning Ledger Co.*, 397 F.2d at 598. The fraud must not have been discoverable upon the exercise of due diligence prior to the arbitration. *Shearson Hayden Stone, Inc. v. Liang*, 653 F.2d at 313. The fraud must materially relate to an issue in the arbitration. *Id.* The fraud must be established by clear and convincing evidence. *See Karppinen v. Karl Kiefer Machine Co.*, 187 F.2d at 34. *Compare England v. Doyle*, 281 F.2d 304, 309–10 (9th Cir. 1960) (construing Fed.R.Civ.P. 60(b)); *Wilson v. Thompson*, 638 F.2d 801, 804 (5th Cir. 1981) (same).

The arbitrator ruled the grievance non-arbitrable because the union had dropped the grievance five months earlier. The district court found the union had dropped the grievance because of Martinez' lie. Hence, the fraud was material to laches—the only issue arbitrated. The parties did not argue, and the district court did not decide, whether the fraud was reasonably discoverable prior to the arbitration. And although the court found fraud, it did not state whether it had been proven by clear and convincing evidence. Accordingly, we must remand to the district court for further proceedings on these points.

■ Although courts have power to remand cases to an arbitration panel in certain circumstances under the Federal Arbitration Act, 9 U.S.C. §§ 10(e), 11, as well as under the federal common law governing labor arbitrations, *see Hanford Atomic Metal Trades Council v. General Electric Co.*, 353 F.2d 302, 307–08 (9th Cir. 1965); *UMW District No. 5 v. Consolidation Coal Co.*, 666 F.2d 806, 811 (3d Cir. 1981); *Randall v. Lodge 1076, IAM*, 648 F.2d 462, 468 (7th Cir. 1981), we need not decide whether ordinarily remand should be required upon the district court's finding that fraud vitiated the arbitral ruling. Remand would serve no purpose here. A finding of fraud by Safeway would necessarily imply Dogherra was wrongfully discharged, for both questions

turn upon the same issue of fact—*i.e.*, whether Dogherra timely informed Martinez that she was available for work. Therefore, should the district court find for Dogherra on the question of fraud, it must also enter judgment for her on the merits.

## IV. Attorneys' Fees.

 A prevailing litigant ordinarily may not collect attorneys' fees. *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 247, 95 S.Ct. 1612, 1616, 44 L.Ed.2d 141 (1975). A court may assess attorneys' fees "when the losing party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Id.* at 258–59 (quoting *F. D. Rich Co. v. United States ex rel. Industrial Lumber Co.*, 417 U.S. 116, 129, 94 S.Ct. 2157, 2165, 40 L.Ed.2d 703 (1974)). "Bad faith may be found, not only in the actions that led to the lawsuit, but also in the conduct of the litigation." *Hall v. Cole*, 412 U.S. 1, 15, 93 S.Ct. 1943, 1951, 36 L.Ed.2d 702 (1973), *quoted in Roadway Express, Inc. v. Piper*, 447 U.S. 752, 766, 100 S.Ct. 2455, 2464, 65 L.Ed.2d 488 (1980). An award of attorneys' fees for bad faith "is punitive and the penalty can be imposed 'only in exceptional cases and for dominating reasons of justice.'" *United States v. Standard Oil Co.*, 603 F.2d 100, 103 (9th Cir. 1979) (quoting 6 J. Moore, *Moore's Federal Practice* ¶ 54.77[2] (2d ed. 1972)). *Accord, Cornwall v. Robinson*, 654 F.2d 685, 687 (10th Cir. 1981). Within these guidelines, an award of attorneys' fees is within the district court's discretion. *See Gluck v. American Protection Industries*, 619 F.2d 30, 32 (9th Cir. 1980); *Seymour v. Hull & Moreland Engineering*, 605 F.2d 1105, 1116–17 (9th Cir. 1979). We review a finding of bad faith under the clearly erroneous standard. *Edinburgh Assurance Corp. v. R. L. Burns Corp.*, 669 F.2d 1259, 1262 (9th Cir. 1982).

 The district court found bad faith on Safeway's part because of Martinez' lie, and because Safeway pursued the action after it discovered the lie, particularly by bringing needless, almost frivolous motions. The district court did not state which mo-

tions were needless. It granted Safeway's early motions leading to the dismissal of Dogherra's pendent claims. It denied Safeway's motions for summary judgment and for reconsideration. Safeway's arguments were not precluded by precedent nor by the fact that Martinez admitted lying. Safeway did not concede that Martinez actually lied or that it knew he lied. It only concedes that Martinez *admitted* lying. Safeway contends Martinez' "admission" may have been fabricated since he and Safeway were on bad terms. To find Safeway acted in bad faith, it would have been necessary to find that Safeway knew or believed Martinez actually lied. Absent such findings, the district court clearly erred in finding that Safeway acted in bad faith. *See Union Bank v. Winnebago Industries*, 528 F.2d 95, 99 (9th Cir. 1975).

## CONCLUSION

The district court did not clearly err in finding that Martinez was Safeway's agent when he lied about Dogherra's reporting back for work, nor in finding that Martinez' lie caused the union to drop Dogherra's grievance. We must remand to the district court for a determination of whether there was clear and convincing evidence of fraud, which went to a material issue and which could not have been discovered prior to the arbitration. If the district court finds such fraud, it must rule for Dogherra on the merits as well. We reverse the district court's award of attorneys' fees, and remand for further proceedings not inconsistent with this opinion.

AFFIRMED in part, REVERSED in part, and REMANDED.