872 F.2d 1024
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Lester BRYANT, Plaintiff-Appellant,
v.
The DETROIT NEWS, Defendant-Appellee.
 No. 88-1745.
 United States Court of Appeals, Sixth Circuit.
 April 4, 1989.
 
 Before BOYCE F. MARTIN, Jr., KRUPANSKY and MILBURN, Circuit Judges.
 
 ORDER
 
 1
 Plaintiff, Lester Bryant, proceeding pro se, appeals from the entry of summary judgment in favor of his former employer in this suit alleging a violation of Sec. 301 of the Labor Management Relations Act, 29 U.S.C. Sec. 185, and employment discrimination. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Mr. Bryant was employed by the defendant from November 20, 1978, until his discharge on March 10, 1986, based on charges of falsifying company records and accounting forms. He filed a grievance regarding his discharge, which was pursued by the Newspaper Drivers and Handlers' Union through arbitration, and resulted in a finding that the discharge was justified. In this suit for monetary damages, Bryant alleged that the arbitration decision was marred by perjured testimony by an employer's witness, and that his discharge was in fact in violation of the collective bargaining agreement and based on race discrimination. At the close of discovery, defendant moved for summary judgment, and plaintiff filed a response. After conducting a hearing, the district court granted defendant's motion and dismissed the case.
 
 
 3
 Upon consideration, we affirm the district court's decision. Summary judgment is properly granted when the moving party establishes the absence of evidence to support the non-movant's case. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). In this case, plaintiff relied on Dogherra v. Safeway Stores, Inc., 679 F.2d 1293 (9th Cir.), cert. denied, 459 U.S. 990 (1982), in arguing that fraud by the employer invalidated the arbitration decision. However, we agree with the district court's finding that the arbitration award was not based on the challenged testimony, but rather on the documentary evidence. As the alleged fraud was not material to the decision, plaintiff is barred from challenging the finding that his discharge was justified. See Dogherra, 679 F.2d at 1297.
 
 
 4
 Summary judgment was also proper on the discrimination claim because the arbitration award constituted evidence of a legitimate reason for plaintiff's discharge, see Becton v. Detroit Terminal of Consolidated Freightways, 687 F.2d 140, 142 (6th Cir.1982), cert. denied, 460 U.S. 1040 (1983), and plaintiff did not establish by a preponderance of the evidence that the proffered reason was a pretext for racial discrimination. Cf. Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248, 252 (1981).
 
 
 5
 Accordingly, the district court's judgment is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.