817 F.Supp. 113 (1993)
Thomas P. O'REAR, Plaintiff,
v.
AMERICAN FAMILY LIFE ASSURANCE COMPANY OF COLUMBUS, INC., a Georgia Corporation, American Family Life Corporation, and American Family Life Assurance Company Associate Stock Bonus Plan, jointly and severally, Defendants.
No. 91-148-CIV-T-17C.
United States District Court, M.D. Florida, Tampa Division.
March 29, 1993.
*114 Kimberly J. Lee, Paul A. Nelson, P.A., Tampa, FL, for plaintiff.
Andrew Lamar Granger, Mang, Rett & Collette, P.A., Tallahassee, FL, William C. Humphreys, Jr., Mary C. Gill, Alston & Bird, Atlanta, GA, for defendants.

ORDER ON MOTION TO VACATE ARBITRATION AWARD
KOVACHEVICH, District Judge.
Plaintiff, Thomas P. O'Rear, moves this Court to vacate an arbitration award to the Defendants. For the following reasons, the motion is denied and the arbitration award is confirmed.
Plaintiff's original complaint, relating to his termination as defendant's regional sales coordinator, was filed in this Court on February 5, 1991. Pursuant to a pre-trial conference, this Court issued a scheduling order cutting off discovery by September 9, 1992. After previous attempts to properly state a claim, Plaintiff filed his third amended complaint with this Court on October 31, 1991, alleging fraudulent concealment, misrepresentation, breach of contract, breach of fiduciary duty, and defamation. On February 25, 1992 this Court ordered, among other things, that the misrepresentation count be dismissed with prejudice and that the proceedings be stayed pending arbitration pursuant to a clause in Plaintiff's employment contract. On December 1, 1992, a panel of three arbitrators, including one appointed by the Plaintiff, unanimously held that Plaintiff failed to prove his claim "on each and every issue," and thus denied his claims. On December 8, 1992, Defendants filed a motion in this Court to confirm the arbitration award and enter final judgment. Shortly thereafter, Plaintiff filed his motion to vacate the arbitration award, yet did not serve a copy on Defendants. Since Plaintiff did not notify Defendants of his motion to vacate, this Court grants Defendants' motion to permit a late filing of their response.
Plaintiff's allegations are extremely muddled, but it appears that he is alleging that the Defendants' arbitration award was secured by the perjury of various defense witnesses. Plaintiff first states that it has recently come to his attention "through communication with casual acquaintances" that a defense witness perjured himself when the witness stated that the alleged defamatory comments were not published. Plaintiff further states that proof of this allegation is "available."
Plaintiff's next allegation is that Defendants perjured themselves by representing that Plaintiff's replacement had excellent productivity. Plaintiff states that he has proof that his replacement had been recommended for probation.
Plaintiff further alleges that Defendants perjured themselves when they stated that they fired Plaintiff in part because of his failure to purchase an answering machine. Plaintiff asserts that he showed the Defendants the receipt for an answering machine sometime prior to the arbitration.
Plaintiff next alleges that his supervisor, Jim Grimes, perjured himself when he testified that he did not know Plaintiff's replacement, Mr. Bartschy, prior to his decision to fire the Plaintiff. Plaintiff states that it is a well-known fact that Grimes and Bartschy had a "close personal relationship."
Plaintiff further alleges that Grimes perjured himself when he stated that he had evaluated Plaintiff's region. Plaintiff states that he has the deposition testimony of a witness who can attest to the supervisor's "tactical avoidance" of making such an evaluation.
Finally, Plaintiff states that Grimes perjured himself when he testified that the Plaintiff had made no investments in the region knowing that Plaintiff possesses receipts "totalling approximately $20,000.00" from various investments.
*115 Judicial review of arbitration awards is extremely narrow. Pursuant to 9 U.S.C. § 10 (1988) of the Federal Arbitration Act federal district courts may vacate an arbitration award only under very limited circumstances, including "where the award was procured by corruption, fraud, or undue means." 9 U.S.C. § 10(a)(1) (1988). See also Raiford v. Merrill Lynch, Pierce, Fenner & Smith, 903 F.2d 1410, 1413 (11th Cir.1990) (courts cannot vacate an arbitration award unless it is arbitrary or capricious).
In Bonar v. Dean Witter Reynolds, Inc., 835 F.2d 1378, 1383 (11th Cir.1988) (citing Dogherra v. Safeway Stores, Inc., 679 F.2d 1293, 1297 (9th Cir.), cert. denied, 459 U.S. 990, 103 S.Ct. 346, 74 L.Ed.2d 386 (1982)) the Eleventh Circuit Court of Appeals found that perjury constitutes fraud within the meaning of section 10(a) of the Federal Arbitration Act and established a three part test to determine whether an arbitration award should be vacated for fraud. First, the moving party must establish fraud by clear and convincing evidence. Second, the fraud must not have been discoverable upon the exercise of due diligence prior to or during the arbitration. Third, the fraud must have materially related to the arbitration. Plaintiff has not satisfied the first two parts of this test; therefore, the third part will not be discussed.
Plaintiff has not established fraud by clear and convincing evidence. Indeed, Defendants' counsel is not far off the mark in their assertion that the allegations in Plaintiff's motion are "stream of conscious ramblings, unsupported by facts, documents, affidavits or anything else." In Bonar, the court found that affidavits and letters from individuals contradicting an expert witness's testimony as to his own qualifications furnished clear and convincing evidence of the witness's perjury. Bonar, 835 F.2d at 1384. In the present case, Plaintiff states that "evidence" of a witness's perjury is contained in undocumented "communication[s] with casual acquaintances." Not only does Plaintiff fail to submit affidavits, but he does not even identify these "acquaintances." These assertions do not amount to evidence of perjury, let alone clear and convincing evidence.
Plaintiff does not offer any evidence to support his other allegations of perjury either. In fact, it appears that Plaintiff is merely trying to recharacterize into allegations of perjury certain factual issues which he had the opportunity to address during the arbitration and which the arbitrators presumably considered in rendering their award. See O.R. Securities, Inc. v. Professional Planning Assocs., Inc., 857 F.2d 742, 749 (11th Cir.1988) (denying motion to vacate arbitration award on grounds of fraud because the moving party had the opportunity to cross-examine on the alleged false testimony); see also Robbins v. Day, 954 F.2d 679, 684 (11th Cir.), cert. denied, ___ U.S. ___, 113 S.Ct. 201, 121 L.Ed.2d 143 (1992) (arbitrators need not explain the reasons for their award). Thus, Plaintiff has not shown through clear and convincing evidence that the arbitration award was procured through fraud. Bare statements that evidence of perjury exists do not constitute clear and convincing evidence.
In addition, Plaintiff has failed to demonstrate that he could not have discovered the alleged perjury before or during the arbitration hearing and therefore has failed to satisfy the second part of the Bonar test. In Bonar, the Eleventh Circuit found that the appellant met this part of the test because the arbitration at issue was conducted under the American Arbitration Association rules which prevented the appellant from investigating the credentials of an expert witness who perjured himself as to his qualifications. Bonar, 835 F.2d at 1384.
In the present case, Plaintiff asserts that because this Court cut off discovery three months prior to the arbitration pursuant to a pretrial conference, which Plaintiff's counsel attended, the requirement that evidence not be discoverable is "not entirely applicable." Plaintiff's argument fails for two reasons. First, Plaintiff had a substantial amount of time to seek discovery relating to his claims. Plaintiff had from at least October 31, 1991, the date he filed his third amended complaint, until September 9, 1992, the date this Court cut off discovery, to gather evidence to support his claims. Second, if Plaintiff had found this time period to be insufficient, *116 Plaintiff could have filed a motion to reopen discovery, but he did not. It is now too late for Plaintiff to argue that he did not have enough time to obtain evidence when he could have simply requested this Court to grant an extension.
Furthermore, Plaintiff bases two of his allegations on receipts which he apparently had in his possession during the arbitration. Thus, not only was "evidence" of Plaintiff's allegations discoverable before or during the arbitration, it appears to have been discovered and presumably was submitted to the arbitrators. Accordingly, it is
ORDERED that Plaintiff's motion to vacate the arbitration award be denied and that Defendants motions to file a late response and to confirm the arbitration award be granted.
DONE AND ORDERED.