70 F.3d 1279
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Hubert L. PASSMORE, Plaintiff-Appellant,
v.
NATIONAL TRUST AND SAVING ASSOC.; The Bank of America,
Defendants-Appellees.
 No. 94-56241.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 20, 1995.*
Decided Nov. 24, 1995.
 
 Before: PREGERSON, NORRIS, and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Hubert L. Passmore appeals pro se the district court's denial of his motion to vacate an arbitration decision on the basis of fraud and impartiality. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291[1] and affirm.
 
 
 3
 Passmore filed this diversity suit against defendant Bank of America, as successor in interest to Security Pacific National Bank, alleging that because of a false representation by a bank teller, and a mechanical error at an ATM machine, he overdrew on his checking account by $200. The bank reported the overdraft to ChexSystems, a national network for account verification, and as a result, Passmore alleges that he has been unable to open a new checking account. Passmore sought damages for fraud and slander.
 
 
 4
 The parties agreed to submit the case to binding arbitration and the arbitrator found in favor of the Bank. Passmore moved to vacate the arbitration order on the grounds that the arbitrator was partial and that the Bank committed fraud during the arbitration hearing.
 
 A. Fraud
 
 5
 "[T]o protect the finality of arbitration decisions, courts must be slow to vacate an arbitral award on the ground of fraud." Dogherra v. Safeway Stores, Inc., 679 F.2d 1293, 1297 (9th Cir.), cert. denied, 459 U.S. 990 (1982). To set aside the arbitration award on the basis of fraud, Passmore must prove the fraud by clear and convincing evidence. Id.
 
 
 6
 Passmore contends that the Bank's witnesses committed perjury by stating that the Bank reported the overdraft to ChexSystem on January 15, 1991. Passmore contends that the Bank reported the overdraft in May 1991, in retaliation for Passmore filing a claim in bankruptcy. To support this contention Passmore refers to a ChexSystems record statement which shows two dates: January 16, 1991 and May 10, 1991. Passmore seems to allege that because the two dates appear to be written by two different typewriters, the January 16, 1991 date must fraudulently have been added to the statement prior to the commencement of this litigation.
 
 
 7
 Passmore's argument requires us to reach the conclusion that ChexSystems somehow participated with the Bank in perpetuating the fraud. There is no evidence in the record of such collusion. Passmore submitted no other evidence in support of his perjury claim. Because the credibility of the Bank's witnesses was a question for the arbitrator, see Rostadt & Rostadt Corp. v. Inv. Mgmt. & Research, Inc., 923 F.2d 694, 697 (9th Cir.1991), we agree with the district court that Passmore failed to prove perjury by clear and convincing evidence, see Dogherra, 679 F.2d at 1297.
 
 
 8
 Passmore's contention that the Bank committed fraud by refusing to cooperate in discovery is contradicted by the record which indicates that the Bank attempted to comply with Passmore's discovery requests in a timely manner. We agree with the district court that this allegation does not establish fraud by clear and convincing evidence. See id.
 
 B. Impartiality
 
 9
 Passmore contends that the evidence indicates that arbitrator was partial because she charged an excessive arbitration fee, failed to swear in the witnesses, and had improper ex parte communication with the Bank.
 
 
 10
 "The party alleging evident partiality must establish specific facts which indicate motives on the part of the Board. The appearance of impropriety, standing alone, is insufficient." Sheet Metal Workers Int'l Ass'n, Local 420 v. Kinney Air Conditioning Co., 756 F.2d 742, 745-46 (9th Cir.1985) (citations omitted).
 
 
 11
 First, Passmore's contention that the arbitrator was partial to the Bank because she charged Passmore an excessive arbitration fee lacks merit. The fee applied to both Passmore and the Bank. Second, the arbitrator's decision not to swear in witnesses fails to establish any improper motive on the part of the arbitrator. Finally, Passmore's allegation that the arbitrator and attorneys for the Bank had lunch with Senator Diane Feinstein prior to the arbitration hearing is not supported by any evidence and does not appear to have been presented to the district court. See Fry v. Melaragno, 939 F.2d 832, 835 (9th Cir.1991) (noting that this court generally will not consider issues presented for the first time on appeal).
 
 C. Postponement
 
 12
 "A party must have good cause for requesting a continuance" of an arbitration hearing. See Sheet Metal Workers, 900 F.2d 1392, 1398 (9th Cir.1990). An arbitrary denial of a reasonable request for a postponement may serve as grounds for vacating an arbitration award. Id.
 
 
 13
 Here, Passmore orally requested a continuance on the basis that the Bank's attorney was not cooperating with Passmore's discovery requests. The arbitrator denied Passmore's request after finding Passmore's allegation unsupported. The arbitrator gave Passmore the opportunity to submit a written statement if he still believed that a continuance was necessary. Passmore failed to do so.
 
 
 14
 Given these circumstances, we agree with the district court that the arbitrator's denial of Passmore's request for a continuance was not arbitrary.[2] See id.
 
 
 15
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Passmore's premature notice of appeal from the order denying the motion to vacate was cured by the Court's subsequent entry of judgment. See FirstTier Mortgage Co. v. Investors Mortgage Ins. Co., 498 U.S. 269, 274-76 (1991)
 
 
 [2]
 Passmore's remaining contentions lack merit