# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

ALBERT M. RHYMER,
        *Plaintiff-Appellant,*

        v.

UNITED PARCEL SERVICE,
INCORPORATED,
        *Defendant-Appellee,*

        and

INTERNATIONAL BROTHERHOOD OF
TEAMSTERS, Local 391,
        *Defendant.*

No. 00-1564

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
William L. Osteen, District Judge.
(CA-98-869-1)

Argued: January 26, 2001

Decided: May 1, 2001

Before NIEMEYER and MICHAEL, Circuit Judges, and
James H. MICHAEL, Jr., Senior United States District Judge
for the Western District of Virginia, sitting by designation.

_____

Affirmed by unpublished per curiam opinion. Circuit Judge Michael
wrote a separate opinion concurring in the judgment.

_____

## COUNSEL

**ARGUED:** William Joseph O'Malley, III, Greensboro, North Caro-
lina, for Appellant. John James Doyle, Jr., CONSTANGY, BROOKS

& SMITH, Winston-Salem, North Carolina, for Appellee. **ON BRIEF:** Jill Stricklin Cox, CONSTANGY, BROOKS & SMITH, Winston-Salem, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Albert Rhymer sued his former employer, United Parcel Service, Inc. (UPS), under Section 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185. Rhymer does not allege that his union breached its duty of fair representation. Rhymer nonetheless argues that he has standing to sue because he claims that UPS engaged in fraud during arbitration proceedings relating to his discharge. The district court dismissed Rhymer's suit. The court held that Rhymer lacked standing because he does not allege that his union breached its duty of fair representation. In the alternative, the court dismissed the suit because Rhymer could have discovered the fraud prior to the arbitration proceedings. After considering the briefs, the joint appendix, and the arguments of counsel, we conclude that the district court reached the correct result. Accordingly, we affirm on the reasoning of the district court. *See Rhymer v. United Parcel Service, Inc.*, No. 1:98CV00869 (M.D.N.C. Apr. 10, 2000).

*AFFIRMED*

MICHAEL, Circuit Judge, concurring in the judgment:

I would hold that an employee may have individual standing to sue under Section 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185, if his employer engaged in fraud during arbitration proceedings. *See Dogherra v. Safeway Stores, Inc.*, 679 F.2d 1293, 1296 (9th Cir. 1982) (allowing employee to maintain suit because of

employer's fraudulent conduct during arbitration proceedings). I would require an employee to show (1) by clear and convincing evidence that there was fraud, (2) the fraud was not discoverable prior to or during the arbitration, and (3) the fraud materially related to the arbitration. *See, e.g.*, *Forsythe Int'l, S.A. v. Gibbs Oil Co.*, 915 F.2d 1017, 1022 (5th Cir. 1990). I agree with the district court that any fraud here was discoverable by Rhymer prior to or during the arbitration proceedings. Accordingly, I concur in the judgment affirming the dismissal of Rhymer's case.