12-3980-cv
DuBois v. Macy's Retail Holdings, Inc.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of October, two thousand thirteen.

PRESENT:
> BARRINGTON D. PARKER,
> PETER W. HALL,
> RAYMOND J. LOHIER, JR.,
> *Circuit Judges*.

---

Serge DuBois,

*Plaintiff - Appellant*,

v.                                                           No. 12-3980-cv

Macy's Retail Holdings, Inc.,

*Defendant - Appellee.*

---

FOR APPELLANT:          Serge DuBois, *pro se*, Brooklyn, NY.

FOR APPELLEES:          Diane Krebs, Gordon & Rees, LLP, New York, NY.

---

Appeal from a judgment of the United States District Court for the Eastern District of New York (Garaufis, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED,** and **DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Serge DuBois ("DuBois"), proceeding *pro se*, appeals from the judgment of the district court (1) denying his motion to vacate the arbitration award entered in favor of Defendant-Appellee Macy's Retail Holdings, Inc. ("Macy's") on September 20, 2011, (2) confirming this award, and (3) granting Macy's' motion to dismiss his complaint seeking to relitigate his employment discrimination claims against Macy's stemming from the termination of his employment in 2004. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

When reviewing a district court's decision to confirm an arbitration award, we review questions of law *de novo* and findings of fact for clear error. *See Scandinavian Reins. Co. v. Saint Paul Fire & Marine Ins. Co.*, 668 F.3d 60, 71 (2d Cir. 2012). "Federal court review of an arbitral judgment is highly deferential," *Pike v. Freeman*, 266 F.3d 78, 86 (2d Cir. 2001), and "a party moving to vacate the award [bears] the burden of proof," *Willemijn Houdstermaatschappij, BV v. Standard Microsystems Corp.*, 103 F.3d 9, 12 (2d Cir. 1997) (citation omitted). Federal courts may vacate arbitration awards "in only four specifically enumerated situations." *Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S*, 333 F.3d 383, 388 (2d Cir. 2003). That is, the moving party must demonstrate "corruption, fraud, or undue means in procurement of the award, evident partiality or corruption in the arbitrators, specified misconduct on the arbitrators' part, or [that] the

2

arbitrators exceeded their powers." *Jock v. Sterling Jewelers Inc.*, 646 F.3d 113, 121 (2d Cir. 2011) (citations and internal quotation marks omitted); *see also* 9 U.S.C. § 10(a)(1)-(4). We will vacate an arbitration award for manifest disregard of the law, moreover, only if the arbitrator ignored or improperly applied clear and explicitly applicable law to the matter before it, leading to an erroneous outcome. *See T.Co Metals, LLC v. Dempsey Pipe & Supply, Inc.*, 592 F.3d 329, 339 (2d Cir. 2010). "[A]s long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision." *United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc.*, 484 U.S. 29, 38 (1987). "Only a barely colorable justification for the outcome reached by the arbitrators is necessary to confirm the award." *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006) (internal quotation marks and citations omitted).

An independent review of the record and relevant case law demonstrates that the district court properly rejected DuBois's arguments for vacatur of the arbitration award. First, DuBois has failed to present any evidence to support his claim that the award was obtained through corruption, fraud or undue means. His submissions simply contain bald and conclusory allegations that fail to demonstrate "that he could not have discovered [fraud] during the arbitration." *Karppinen v. Karl Kiefer Mach. Co.*, 187 F.2d 32, 35 (2d Cir. 1951). Second, the record contains no evidence of partiality and/or corruption on the part of the arbitrator and belies any allegation of misconduct on his part. Third, as the district court correctly determined, nothing in DuBois's pleadings purports to argue that the arbitrator exceeded his powers. As no grounds exist to justify vacatur of the award, the district court properly confirmed the arbitration award in this case.

3

Additionally, the district court correctly determined that DuBois's claims of employment discrimination must be dismissed. Specifically, both proceedings before the arbitrator and the district court involved DuBois's claims for discrimination and harassment on the basis of race/color, sex and national origin, and a claim for retaliation. As the arbitration award constitutes a final judgment on the merits, *res judicata* precludes DuBois's claims against Macy's. Furthermore, the election of remedies doctrine under both the New York State Human Rights Law ("SHRL") and New York City Human Rights Law ("CHRL") precludes a plaintiff from pursuing his discrimination claims in a court of law when the same claims were previously brought before a local administrative agency. *See* N. Y. Exec. L. § 297(9); N.Y.C. Admin. Code § 8-502. The record reflects that DuBois filed a complaint with the New York City Commission on Human Rights ("NYCCHR") on March 31, 2005 asserting identical claims, which the NYCCHR dismissed for lack of probable cause. Accordingly, the district court correctly determined that DuBois's claims under the SHRL and the CHRL are precluded by the election of remedies doctrine. We thus affirm the judgment for substantially the reasons set forth in the district court's thorough order.

Finally, one point warrants additional discussion. In his brief before this Court, DuBois asserts that the district court made many errors in its decision affirming the arbitration award, which he attributes to the district court's alleged racism and xenophobia, bias against the indigent and self-represented, and desire to help Macy's secure a victory. DuBois made similar allegations concerning the arbitrator, accusing the arbitrator of ruling against him because he is Haitian. Nevertheless, DuBois provides not one shred of

4

evidence to support these conclusory accusations.  These accusations, therefore, are rejected as meritless.

      For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

                  FOR THE COURT:
                  Catherine O'Hagan Wolfe, Clerk