**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BEHROOZ MOHAZZABI, | No. 22-15360 |
| Plaintiff-Appellant, | D.C. No. 4:21-cv-06751-JST |
| v. | |
| WELLS FARGO BANK, N.A., | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Jon S. Tigar, District Judge, Presiding

Submitted June 26, 2023[**]

Before:     CANBY, S.R. THOMAS, and CHRISTEN, Circuit Judges.

Behrooz Mohazzabi appeals pro se from the district court's order dismissing

his action alleging fraud in connection with an arbitration proceeding. We have

jurisdiction under 28 U.S.C. § 1291. We affirm.

The district did not abuse its discretion in construing Mohazzabi's complaint

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

as a motion under Rules 60(b)(2) and (3) to vacate the 2019 order compelling arbitration in a different case and denying it because it was untimely and because allegations of fraud during the arbitration proceeding did not provide a justification for vacating the order compelling arbitration. *See* Fed. R. Civ. P. 60(c)(1) (requiring a motion under Rules 60(b)(2) or (3) to be made no more than a year after the entry of the judgment); *Washington v. Ryan*, 833 F.3d 1087, 1091 (9th Cir. 2016) (en banc) (setting forth standard of review).

Even if Mohazzabi's complaint were construed as an independent action seeking to vacate the arbitration award, dismissal was proper because the action was untimely and Mohazzabi failed to allege facts sufficient to show fraud that would justify vacating the award. *See* 9 U.S.C. § 12 (explaining that notice of a motion to vacate an arbitration award must be "served upon the adverse party or his attorney within three months after the award is filed or delivered"); *Dogherra v. Safeway Stores, Inc.*, 679 F.2d 1293, 1297 (9th Cir. 1982) (explaining that "courts must be slow to vacate an arbitral award on the ground of fraud," and the alleged fraud must not have been discoverable upon the exercise of due diligence and must be materially related to an issue in the arbitration).

The district court properly dismissed Mohazzabi's action without leave to amend because amendment would be futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review

22-15360

and explaining that dismissal without leave to amend is proper when amendment would be futile).

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**