Alicia NICHOLLS, Plaintiff–Appellant,

v.

BROOKDALE UNIVERSITY HOSPI-
TAL AND MEDICAL CENTER, Ser-
vice Employees International Union,
Local 1199, AFL–CIO and American
Arbitration Association, Defendants–
Appellees,

Arbitrator Alan R. Viani, Defendant.

No. 05–4473–cv.

United States Court of Appeals,
Second Circuit.

Oct. 18, 2006.

Charmaine M. Stewart and Ayesha Brantley, Stewart Law Firm, New York, New York, for Appellant.

Ricki E. Roer and Celena R. Mayo, Wilson, Elser, Moskowitz, Edelman & Dicker, New York, New York, for Appellee, Brookdale University Hospital and Medical Center.

Richard Dorn, Levy Ratner, P.C., New York, New York, for Appellee, Service Employees International Union Local 1199.

Present: Hon. DENNIS JACOBS, Chief Judge, Hon. RICHARD C. WESLEY, and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Familiarity by the parties is assumed as to the facts, the procedural context, and the specification of appellate issues. Alicia Nicholls ("Nicholls"), formerly a physician's assistant at Brookdale University Hospital and Medical Center ("Hospital"), was fired for knowingly falsifying Hospital records. The Hospital asserted that Nicholls, contrary to hospital policy, had signed the names of physicians including Dr. Michael Epter. Pursuant to a collective bargaining agreement between the Hospital and Nicholls's union, Service Employees International Union Local 1199 AFL–CIO ("Union"), Nicholls sought arbitral review of the Hospital's decision to terminate her employment. The arbitrator, Alan R. Viani, found Dr. Epter's testimony "considerably more credible" than that of Nicholls and concluded that just cause existed for the termination of Nicholls's employment because Nicholls "purposefully" signed five medical charts "with [the] intent to deceive both Dr. Epter and the Hospital."

Seeking to vacate the arbitration award, Nicholls brought suit against the Hospital, the Union, the American Arbitration Association ("AAA"), and the arbitrator (collectively, "Defendants") in the United States District Court for the Eastern District of New York (Weinstein, *J.*). Defendants moved to dismiss Nicholls's complaint under Rule 12(b)(6). In considering Nicholls's hybrid section 301–fair representation claim ("hybrid claim"), the district court held that it need not address whether the Hospital breached the collective bargaining agreement because Nicholls had failed to establish that the Union breached its duty of fair representation. *See Nicholls v. Brookdale Univ. Hosp. and Med. Ctr.*, No. 05–CV–2666, 2005 WL 1661093, at *11 (E.D.N.Y. July 14, 2005). The district court also rejected Nicholls's request to vacate the arbitration award. *See id.* at *12–13. The court noted that Nicholls's claim was "essentially that the arbitration award was made in manifest disregard of the evidence, which is not a sufficient basis for *vacatur.*" *Id.* at *13.

On appeal, Nicholls continues to press two principal issues but only against the Hospital and the Union. First, Nicholls contends that the district court erred in granting these defendants' motions to dismiss on her hybrid claim. "We review *de novo* the grant of a motion to dismiss under Rule 12(b)(6), accepting as true the factual allegations in the complaint and drawing all inferences in the plaintiff's favor." *Kirch v. Liberty Media Corp.*, 449 F.3d 388, 397 (2d Cir.2006) (quoting *Allaire Corp. v. Okumus*, 433 F.3d 248, 250 (2d Cir.2006)). The Supreme Court created a hybrid section 301–fair representation claim in order to give an employee-plaintiff standing to attempt to vacate an arbitration award. *See DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 164–65, 103

S.Ct. 2281, 76 L.Ed.2d 476 (1983). To succeed on such a claim, an employee must prove both "(1) that the employer breached a collective bargaining agreement and (2) that the union breached its duty of fair representation vis-a-vis the union members." *White v. White Rose Food*, 237 F.3d 174, 178 (2d Cir.2001). "To establish a breach of duty of fair representation [t]he union's conduct must, first, have been arbitrary, discriminatory or in bad faith, and second, it must have seriously undermine[d] the arbitral process." *Mack v. Otis Elevator Co.*, 326 F.3d 116, 129 (2d Cir.2003) (internal quotation marks omitted). "Tactical errors are insufficient to show a breach of the duty of fair representation; even negligence on the union's part does not give rise to a breach." *Barr v. United Parcel Serv., Inc.*, 868 F.2d 36, 43 (2d Cir.1989).

■ Here, as the district court pointed out, we need not determine whether the Hospital breached the collective bargaining agreement (or whether Nicholls is collaterally estopped from litigating this aspect of her claim) because Nicholls has failed to establish that the Union breached its duty of fair representation. As an initial matter, Nicholls was not entitled to outside counsel because Article XXXI of the collective bargaining agreement provides that an "[e]mployee having a grievance and/or his/her Union delegate *or other representative* shall take it up with his/her immediate supervisor." The use of the disjunctive between "Union delegate" and "other representative" indicates that a grieving party may be entitled to a Union delegate "or" another representative but is not entitled to both. Furthermore, nothing in the collective bargaining agreement indicates that the grieving party may elect to retain outside counsel in lieu of her Union delegate. Here, the Union did not breach its duty of representation even though Nicholls was not permitted to have outside counsel because the Union provided Nicholls with a delegate who represented Nicholls throughout the arbitration proceedings.

■ The Union also did not breach its duty of representation by its alleged failure to obtain discovery of potentially exonerating documents indicating the practices of other physician's assistants. Nicholls's allegations regarding the Union's failure to procure production of these documents are insufficient to establish that the conduct was "arbitrary, discriminatory or in bad faith." *Mack*, 326 F.3d at 129 (internal quotation marks omitted). While the Union may have committed a tactical (or even a negligent) error, such an error, even if established, does not constitute a breach of the Union's duty. *See Barr*, 868 F.2d at 43. Moreover, it is unclear whether the lack of production "seriously undermine[d] the arbitral process," *Mack*, 326 F.3d at 129 (quoting *Barr*, 868 F.2d at 43), because Nicholls was able to call three witnesses, in addition to herself, to testify on her behalf. Thus, the Union did not breach its duty of fair representation, and the district court did not err in granting defendants' motions to dismiss.

Second, Nicholls contends that the district court erred in denying her motion to vacate the arbitration award. "When a party challenges the district court's review of an arbitral award under the manifest disregard standard, we review the district court's application of the standard *de novo.*" *Wallace v. Buttar*, 378 F.3d 182, 190 (2d Cir.2004) (internal quotation marks omitted). The Supreme Court has made clear, however, that "courts play only a limited role when asked to review the decision of an arbitrator." *United Paperworkers Int'l Union, AFL–CIO v. Misco, Inc.*, 484 U.S. 29, 36, 108 S.Ct. 364, 98 L.Ed.2d 286 (1987) (citing *Steelworkers v. Enter. Wheel & Car Corp.*, 363 U.S. 593, 596, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960)). An

arbitration award "should be enforced, despite a court's disagreement with it on the merits, if there is a *barely colorable justification* for the outcome reached." *Wallace,* 378 F.3d at 189–90 (quoting *Banco de Seguros del Estado v. Mutual Marine Office, Inc.,* 344 F.3d 255, 260 (2d Cir.2003); emphasis in *Wallace* ). The party seeking vacatur "bears the heavy burden of showing that the award falls within a very narrow set of circumstances delineated by statute and case law." *Duferco Intern. Steel Trading v. T. Klaveness Shipping A/S,* 333 F.3d 383, 388 (2d Cir.2003). Indeed, under the Federal Arbitration Act, vacatur of an arbitral award is permitted only under a limited number of conditions. *See* 9 U.S.C. § 10(a).

█ Nicholls's arguments for vacating the arbitration award are without merit. Several of Nicholls's asserted reasons for vacating the award involve claims that the arbitrator erred in weighing evidence and assessing testimony. However, it is the arbitrator's role to make factual findings, weigh evidence, and assess the credibility of witnesses, and it is well-settled that "[a] federal court may not conduct a reassessment of the evidentiary record." *Wallace,* 378 F.3d at 193. The arbitrator's excluding non-appearing counsel from the arbitral proceedings was also not erroneous. The AAA's Labor Arbitration Rules specifically contemplate that "[i]t shall be discretionary with the arbitrator to determine the proprietary of the attendance" of any person other a person having a direct interest in the arbitration. AAA Labor Arbitration Rule 22. Likewise, Nicholls's claim that the arbitrator impermissibly disregarded the evidence is without merit because "the Second Circuit does not recognize manifest disregard of the evidence as proper ground for vacating an arbitrator's award." *Wallace,* 378 F.3d at 193 (internal quotation marks omitted). While the Second Circuit does recognize claims based on manifest disregard of the law, *see*

*id.,* Nicholls's claim that the arbitrator manifestly disregarded the law also fails. As the district court points out, Nicholls does not identify any specific law which she believes the arbitrators disregarded in deciding her claim, and Nicholls's case does not involve an "egregious impropriety." *Duferco,* 333 F.3d at 389. Finally, Nicholls fails to allege any specific facts as to how the arbitrator exceeded the scope of his jurisdiction. Overall, therefore, the district court did not err in denying plaintiff's motion to vacate the arbitration award.

We have considered Nicholls's remaining arguments and find them to be without merit.

Accordingly, for the reasons set forth above, the judgment of the district court is **AFFIRMED.**