*Joyce v. Consolidated Edison Co. of N.Y.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of January, two thousand twenty-five.

Present:
      DEBRA ANN LIVINGSTON,
          *Chief Judge*,
      REENA RAGGI,
      WILLIAM J. NARDINI,
          *Circuit Judges*.

_____

ROBERT JOYCE,

      *Plaintiff-Appellant*,

      v.                          24-931

CONSOLIDATED EDISON COMPANY OF NEW YORK, INC.,

      *Defendant-Appellee*.

_____

For Plaintiff-Appellant:                     Robert Joyce, pro se, Valley Cottage, NY.

For Defendant-Appellee:                                    Paul Limmiatis, Consolidated Edison
                                                           Company of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Analisa Torres, *Judge*; James L. Cott, *Magistrate Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the March 14, 2024 judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Robert Joyce, proceeding *pro se*, appeals from the judgment of the district court dismissing his lawsuit against Consolidated Edison Company of New York, Inc. ("ConEd"). Joyce principally seeks vacatur of an arbitration award that upheld ConEd's decision to terminate him following a failed drug test. The district court granted ConEd's motion to dismiss, reasoning that Joyce lacked standing to challenge the arbitration award directly and that he had failed to state a hybrid claim under § 301 of the Labor Management Relations Act, 29 U.S.C. § 185, and the duty of fair representation ("§ 301/DFR claim"). *Joyce v. Consolidated Edison Co. of N.Y., Inc.*, No. 22-CV-801 (AT), 2022 WL 4096177 (S.D.N.Y. Sept. 7, 2022). The district court also denied Joyce's motion for leave to amend, concluding that the proposed amendments similarly failed to state a claim. *Joyce v. Consolidated Edison Co. of N.Y., Inc.*, No. 22-CV-801 (AT) (JLC), 2023 WL 6098979 (S.D.N.Y. Sept. 18, 2023), *report and recommendation adopted*, 2024 WL 1116084 (S.D.N.Y. Mar. 14, 2024). We assume the parties' familiarity

2

with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to **AFFIRM**.

"We review *de novo* a district court's dismissal of a complaint for lack of standing and for failure to state a claim on which relief can be granted." *Soule v. Conn. Ass'n of Sch., Inc.*, 90 F.4th 34, 44 (2d Cir. 2023) (en banc). In doing so, we "constru[e] the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). We generally review denials of leave to amend for abuse of discretion but exercise de novo review when the denial is premised on a question of law like futility. *Anderson News, L.L.C. v. Am. Media, Inc.*, 680 F.3d 162, 185–86 (2d Cir. 2012).

## I.  Standing to Bring Article 75 Petition

In a single sentence, Joyce asserts that the district court erred by dismissing his direct challenge to the arbitration award under Article 75 of the New York Civil Practice Laws and Rules, N.Y. C.P.L.R. § 7511, for lack of standing. Although we afford *pro se* litigants special solicitude, we normally will not consider issues they raise only "obliquely and in passing." *Gerstenbluth v. Credit Suisse Secs. (USA) LLC*, 728 F.3d 139, 142 n.4 (2d Cir. 2013). But even if Joyce had properly developed this argument, it lacks merit. Under Article 75, a "party" to an arbitration may file an application to vacate

3

an arbitration award. N.Y. C.P.L.R. § 7511(b)(1). Joyce was represented in the arbitration by his union, which initiated the grievance proceeding on his behalf. Thus, ConEd and the union—not Joyce—were the parties to the arbitration. We therefore agree with the district court that Joyce lacks standing to seek vacatur of the arbitration award under Article 75. *See Katir v. Columbia Univ.*, 15 F.3d 23, 24–25 (2d Cir. 1994) ("[A]n individual employee represented by a union generally does not have standing to challenge an arbitration proceeding to which the union and the employer were the only parties."); *Matter of Wilson v. Bd. of Educ. of the City of N.Y.*, 261 A.D.2d 409, 409 (2d Dep't 1999) ("[S]ince the petitioner was a 'party' to neither the collective bargaining agreement nor the arbitration, she lacks standing to seek vacatur of the arbitrator's award." (citing *Chupka v. Lorenz-Schneider Co.*, 12 N.Y.2d 1 (1962)).

## II.    Hybrid § 301/DFR Claim

To successfully plead a § 301/DFR claim, a plaintiff must allege "(1) that the employer breached a collective bargaining agreement and (2) that the union breached its duty of fair representation vis-a-vis the union members." *White v. White Rose Food*, 237 F.3d 174, 178 (2d Cir. 2001). "The plaintiff may sue the union or the employer, or both, but must allege violations on the part of both." *Id.* at 179. We agree with the district court that, even assuming *arguendo* that ConEd violated the collective bargaining agreement, Joyce's claim fails because he did not allege sufficient facts

4

showing that the union violated its duty of fair representation.

A plaintiff making a DFR claim must allege that "the union's actions or inactions are either arbitrary, discriminatory, or in bad faith" and that there is "a causal connection between the union's wrongful conduct and their injuries." *Vaughn v. Air Line Pilots Ass'n, Int'l*, 604 F.3d 703, 709 (2d Cir. 2010) (internal quotation marks and citations omitted). On appeal, Joyce principally argues that the union's conduct in handling his grievance was arbitrary.[1]

"[A] union's actions are arbitrary only if, in light of the factual and legal landscape at the time of the union's actions, the union's behavior is so far outside a wide range of reasonableness as to be irrational." *Air Line Pilots Ass'n, Int'l v. O'Neill*, 499 U.S. 65, 67 (1991) (internal quotation marks and citation omitted). In contrast, "[t]actical errors" and "negligence on the union's part do[] not give rise to a breach." *Vaughn*, 604 F.3d at 709 (quoting *Barr v. United Parcel Serv., Inc.*, 868 F.2d 36, 43 (2d Cir. 1989)). "Our review of such allegations is 'highly deferential, recognizing the wide latitude that [unions] need for the effective performance of their bargaining responsibilities.'" *Vaughn*, 604 F.3d at 709 (quoting *O'Neill*, 499 U.S. at 78) (alterations

---

[1] Before the district court, Joyce also alleged that the union's conduct was discriminatory and in bad faith. Though Joyce mentions discrimination and bad faith in passing in his appellate brief, he never develops these arguments. Accordingly, we decline to decide these issues. *See Gerstenbluth*, 728 F.3d at 142 n.4.

5

in original).   We agree with the district court that Joyce failed sufficiently to allege that the union's conduct was arbitrary.

For example, Joyce claims that the union acted arbitrarily because it did not protest or challenge ConEd's production of incomplete chain-of-custody forms—an error corrected only the day before the arbitration proceedings began.   But Joyce himself testified at the arbitration hearing about the incomplete forms, and the union raised the issue with the arbitrator in its written closing arguments.   While the union may not have addressed delayed completion of the chain-of-custody forms in the way Joyce preferred, it did not ignore the issue.   Similarly, Joyce's allegation that the union failed to obtain a litigation package that purportedly explained the process that Joyce's urine sample went through at the testing facility can at most be described as negligence, not irrationality.   *See Nicholls v. Brookdale Univ. Hosp. & Med. Ctr.*, 204 F. App'x 40, 42 (2d Cir. 2006) (summary order) ("The Union . . . did not breach its duty of representation by its alleged failure to obtain discovery of potentially exonerating documents[.]").   Joyce's other contentions—such as that the union erroneously stipulated to certain witness testimony, declined to object to certain evidence, and conducted an inadequate cross-examination—amount to nothing more than challenges to tactical decisions.   *See Barr*, 868 F.2d at 43-44 ("Tactical errors are insufficient to show a breach of the duty of fair representation.").

We have considered Joyce's remaining arguments and find them to be without merit.   For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court